Per Curiam.

Two objections are made to the verdict in this case: first, that the special matter proved was not properly admitted to support a general indebitatus assumpsit; and, secondly, that the promise being made to the father, he was entitled to the action, and not the present plaintiff, the son.
The first objection merits some consideration. It is undoubtedly true, that, where there is a special agreement relative to the performance of work and labor, the declaration ought to state that agreement, in order that the defendant may be apprized of the contract he is charged with breaking, and may have opportunity to show the want of performance, on the part of the plaintiff, of those [*290] stipulations, which * may have been the foundation or consideration of the promise made by the defendant.
But where there has been a special agreement, the terms of which have been performed, so that nothing remains but a mere duty to pay money, there seems to be no reason why a general count should not be sufficient for the recovery of the sum due. (a)
*289 The other objection, viz., that the contract was made with the father, we think has no validity. It is clear that, although the father contracted for the son, yet he had a view to the son’s advantage, and not his own. The money was to be paid to the son upon the termination of his minority. Now, when a promise is made to one, for the benefit of another, he for whose benefit it is made may bring an action for the breach. This principle was settled as early as Roll ’.s time, in a case quite analogous to the present; and, it being cited by Lord C. B. Comyns, in his Digest (5) without any question of its authority, it is to be presumed that it continues to be received as a sound principle. (b)
ADDITIONAL NOTE.
[See Causten vs. Burke, 2 Har. & G. 295. — Feeter vs. Heath, 12 Wend. 477.— Way vs. Wakefield, 7 Verm. 223. — Bagley vs. Bates, Wright, 705, affirming the rule in the text.
Otherwise, where a contract is still open, or to be performed nereafter. — Shepard vs. Palmer, 6 Conn. 100.—Halloway vs. Davis, Wright, 129. — Russell vs. South, &c., 9 Conn. 508. — Blair vs. Asbury, 4 Por. 435.— Cranmer vs. Graham, 1 Blackf. 406.
And see Dubois vs. Delaware, &c., 4 Wend. 285. —Perrine vs. Haukinson, 6 Halst. 181. —F. H.]
ADDITIONAL NOTE.
[Acc. Eubanks vs. Peak, 2 Bai. 497.
Where there is no agreement, express or implied, that the earnings oí a minor are to be paid to him, the father is entitled to receive them, and an action therefor must, be brought in his name. — Shute vs Dorr, 5 Wend. 204.— Bradley vs. Bassett, 13 Conn. 560.
A written agreement, intended for an indenture of apprenticeship, was made with the defendant, by a minor and his father, but was not legally executed. Held, as a

 [It seems by the authorities that a contract in the alternative must be set forth specially, although the option be in the party pleading. In a note to White vs. Wilson, (2 B. & P. 119,) are the following remarks: “In Layton vs. Pearce, (Doug. 15,) it was held, in the case of an alternative contract, that the party who had not the *289 option could not state it as an absolute contract. Lord Mansfield, indeed, there laid down that, if the option had been in the party pleading, it had been otherwise. On the authority of this dictum it was contended, in Chirchill vs. Wilkins, (1 T. R. 447,) that a contract, in the alternative where the option is in the party pleading, may be stated as an absolute contract; and this seems to have been admitted by Buller, J., for his reasoning went to show that the contract in that case was not a contract in the alternative, but merely a contract depending on a contingency, and therefore not within the above rule applicable to alternative contracts. However, in a subsequent case, of Tate vs. Wellings, (3 T R. 531,) the court held that the defendant could not plead a contract, which was in the alternative as an absolute contract, though the option was in himself.” See also Perry vs. Porter, (2 East, 2,) and Skiphan vs. Saunders, (2 East, 4,) and White vs. Wilson, (2 Bos. Pul. 119.) In the case last cited, Lord Eldon, C. J., said, “The contract in the alternative should have appeared on the record.” — In Duvis vs. Nichols, (2 Chit. R. 320,) Dumpier, J., said, “ There was a case where there was an alternative contract, and it was held it could not be declared upon but in the alternative.” In Chitty's treatise on pleading, the same doctrine is laid down, and reference is made to many of the above authorities. — 1 Chitty, Plead. 4th cd. 269—En.]

 1 Rol. 31, l. 25.— Com. Dig., tit. Action upon the Case upon Assumpsit, E.

 [See the authorities upon this point in a note of Mr. Hammond to Com. Dig., tit. Action, Cas Ass. E, a, (p). — Ed ] *290 contract between the minor and the defendant, the agreement was binding upon the latter, at common law; and that the former, having performed the services, might maintain an action thereupon. — 2 Bai. 497.
A minor, authorized by his father to go out to service and receive his own earnings, may maintain an action tor them, though the above authority was not communicated to the employer when he hired the plaintiff. — Corey vs. Corey, 19 Pick. 29.
If there were no express contract, the law implies one to pay the son, and not the father. — Ibid.
The plaintiff’s son, a minor, shipped as a seaman, in a whale-ship, without the plaintiff’s consent, and during the voyage unlawfully deserted. Held, the plaintiff could not maintain an action against the master, as upon an implied contract, for his son’s services, but his claim was upon the owners, a custom being shown, by which forfeited shares go to the owners alone. —Bishop vs. Sheperd, 23 Pick. 492. — F. H.]