Tucker, P.
The preliminary question in this case is, whether the plaintiffs can recover under either of the *218 counts in this declaration ? The first is upon an indenture between Janet Smith and the defendant, in which he promises to pay mrs. Milne £ 500. sterling. To this indenture mrs. Milne is no party, and therefore, upon well established principles, she cannot sue upon it at law. Whether such a trust or interest is created for her benefit, as will enable her to sue in .equity, it is not necessary in this case to enquire. It is sufficient that she cannot sue at law. The right to sue under an indenture inter partes is confined to the parties to it. Platt on Cov. 7. 8. 1 Chit. 4. and the cases there cited. Salter v. Kidgly, Carth. 76. Offly v. Ward, 1 Lev. 235. Gilby v. Copley, 3 Lev. 138. In Barford v. Stuckey, 2 Brod. & Bing. 333. the defendant, by indenture between himself and N. Pitts, agreed to pay him an annuity for twenty-one years, and if he died within the term, then it was agreed and promised, that he should pay the annuity to his child or children: the administrator of his only child brought debt for the annuity. Dallas, G. J. said, “It is a general principle, that the right to sue under a contract is confined to the parties to the deed, The consideration did not move from the child, but from the father, and the obligation arises out of the contract itself. It is admitted that an action might have been brought by the administrator of N. Pitts, and if he had recovered, he would have been a trustee for the child; and if he had refused to sue, he might have been compelled by a court of equity to lend his name.” He then declares, that the suit ought to have been brought by N. Pitts’s administrator, and was improperly brought by the administrator of the daughter of N. Pitts ; and so the court decided. A distinction, however, has been taken between the action of covenant and the action of debt, and it is supposed that the latter may lie, though the former will not. For this distinction we have no authority, nor do I think it can be sustained. The right of the administrator to sue in covenant cannot be de *219 nied; and if the beneficiary could also sue in debt, the t ' J defendant would either be twice charged, or, as Dallas, C. J. says, the court would be called upon to stay one of the actions. And thus, by the informal proceeding of a rule, the rights of the plaintiffs in the two causes would have to be determined. Such a course cannot be commended. It is better to adhere to the distinction of jurisdictions and of the forms of action, than to encounter the confusion which would ensue from departing from them. Therefore, I am of opinion, that the count upon the indenture is naught, and that no judgment upon it can be rendered in favour of the plaintiffs.
The second count sets forth the contract as a parol agreement between Janet Smith and the defendant .Ross, by which, in consideration of the transfer of her interest in Colin Ross’s estate, the defendant promised to pay the plaintiff mrs. Milne £ 500. sterling in two months after Janet’s death. Waiving the question, whether there is not a misjoinder of action, or whether this count be in debt or assumpsit, I shall proceed to these positions: that mrs. Milne had no rights whatever under the contract as laid; that if she had, they could not be asserted at law; or if they could be so asserted, it could not be by action of debt, but only by special action on the case in assumpsit.
First, mrs. Milne had no rights under this alleged parol contract. To give her any right whatever, there must either have been an executed gift, or a valuable consideration. A gift without consideration confers a right, provided it is complete by delivery; and a grant, though incomplete, will confer a right if there be a valuable consideration. Thus, not only does a gift to a child, accompanied by possession, pass the title, but if one give chattels by deed, and deliver the deed to the use of the donee, though a volunteer, the goods and chattels are immediately in the donee. Butler Sf Baker’s case, 3 Co. 26. b. For the deed is an executed contract: it *220 passes all title out of .the grantor, even without the delivery of possession. And if, in such case, the transfer is to one person for the benefit of another, the whole title passes at once by the deed from the grantor to the grantee. Of consequence, the grantor’s rights are gone, and as the grantee gave no value, he holds as trustee for the third person, who thus becomes invested with the right by the declaration of trust in his favour, even though he has paid no consideration. On the other hand, though there be no deed, yet if there be a valuable consideration, the rights of the third party may be irrevocable. Thus if A. owes £100. and delivers that sum to B. to pay over to C. his creditor, A. cannot countermand it, and C. may sue for it as money had and received for his use, Farmer v. Russell, 1 Bos. & Pul. 296.; though this seems .to have been otherwise decided on the ground that the party may have subsequently paid the debt, Turberville v. Porter, Dyer 49. a. in note. And see also Surtees v. Hubbard, 4 Esp. Rep. 203. It is, however, on this principle, that the case cited in argument of Weston v. Barker, 12 Johns. Rep. 276. must rest. That was the case of a trust, in which the grantors had conveyed certain securities for discharging certain debts, and the balance to be held subject to then order: for that balance they gave the plaintiff an order, he being a creditor of theirs, and the defendant had notice of the order. The acceptance of the trust was held equivalent to an express promise by the trustee .to pay to the grantor’s order, and the order being given for payment of a debt, and the funds being in the trustee’s hands, it was held that assumpsit would lie for it. But where there is no consideration, and the contract is by parol, nothing passes to the third person by the promise to pay to him. That promise is at all times revocable before payment. Thus if a sum of money be delivered to J. S. to the use and behoof of a woman, to be delivered to her at her day of marriage, and before the mar *221 riage the bailor revokes it, it seems to be the better opinion, that the order was countermandable, notwithstanding the money had passed out of the hands of the grantor, and the gift therefore seemed executed as to him. Lyte & ux. v. Penny, Dyer 49. a. The reasoning of Shelley in that case, shews the principles on which the case was decided: he said, “ that gifts, though commenced, are of no force if they be not co'tnpleled”— “ For when a man makes such a sort of conditional gift of his mere will and good pleasure, and delivers the thing into indifferent hands to keep for the use of a stranger, still, before the condition is performed, the bailment is revocable. For if a man deliver to his servant on new year’s day a golden cup, to give as a new year’s gift to a stranger, clearly he may countermand this, notwithstanding the gift, for this was not a gift perfectly executed. And there is a difference, when a man makes a gift or bailment to give to a stranger upon a consideration or former duty”—“And the law is the same when a thing is delivered in consideration, satisfaction, or recompense of another thing; there, he cannot countermand. And so here, if the case had been, that the bailor had been to be bound by covenant, in consideration of a marriage precedent, to pay such a sum, then could he never revoke it; for this alters the property; immediately; but it is otherwise of a mere gift without any cause precedent.” There is indeed no proposition more clear, than that personal property can only pass by deed, or delivery of possession; and it is not less true, that choses in action are not assignable at all at common law, though the delivery of the documentary evidences of debt, for value received, may pass an equitable title to it. In this case, there is neither valuable consideration, nor delivery of any documentary evidence of the debt. It cannot therefore amount to a gift, or even to a promise to give. For there is no promise to mrs. Milne, either from the defendant Ross or from mrs. *222 Smith. It was but an order to her debtor to pay money due to her, to her daughter, which order she had a right to countermand, and of course there was no vested right in the plaintiffs which they can enforce against any one. If a gift of personal chattels without deed, or delivery of possession, is inoperative and void, the gift of a chose in action, without delivery and assignment of some documentary evidence of the debt, would seem to be even yet more clearly nugatory. For at common law even a bond could not be assigned, because it is but a chose in action. In equity, indeed, the assignment is held good, but even there, not without a valuable consideration; 1 Bac. Abr. Assignment. 249. Perkins v. Parker, 1 Mass. Rep. 117. And courts of law now permit suits in the name of the obligee for the benefit of an assignee for value. Upon these principles, it is not perceived how an oral chose in action can be assignable, so as to give the assignee, even for value, a right to sue in his own name; and the objection is a fortiori, where there is no consideration. There is nothing of which even a symbolical delivery can be made, and therefore there can be no valid, binding and executed gift. As in this case, Ross was the debtor of mrs. Smith, and if by the oral agreement with her, that he would pay the money to mrs. Milne, the latter acquired a right to sue for this chose in action, without consideration, without a promise or agreement with her, and without any act amounting to a transfer of the debt, then it would seem, that the principles of the law which inhibit the assignment of choses in action are unsubstantial and deceptive. For my own part, (with lord Kenyon, 1 East 104.) I think it safest to resist the overthrow of the principle which forbids such assignment.
Fink v. Fink’s ex’or, 18 Johns. Rep. 145. is a case which involves some of these principles. Alexander Fink, in his lifetime, executed his promissory note to his son for 1000 dollars payable at sixty days; declar *223 ing, when he did so, that he intended to give it to him absolutely; but there was no valuable consideration: an action by his son against his executor having been brought, it was decided, that it could not be maintained. Spencer, J. said “ A promise to pay money as a gift, is no more a ground of action than a promise to deliver a chattel as a gift.”—“There is no case where a personal action has been founded on an executory contract, where a consideration was necessary, in which the consideration of blood, or natural love and affection, has been held to be sufficient. In such case, the consideration must be a valuable one, for the benefit of the promiser, or to the trouble, loss, or prejudice of the promisee. The note here manifested indeed an intention to give the 1000 dollars. It was, however, executory, and the promiser had a locus pcenitentim. It was an engagement to give, and not a gift." In our case, there was not even a promise or engagement to give. There was only an oral promise by the debtor to the creditor, that he would pay the debt to the third person: and this promise the creditor had, at all times before payment, a right to release or countermand.
This case, however, has been attempted to be supported upon authority; and the case of Dutton & wife v. Poole (which may be considered as the foundation on which others rest) has been confidently relied on. It was an action on the case, and appears to have been in assumpsit. The declaration is rather more at large in sir T. Raymond's report than elsewhere, but even there no assumpsit from the defendant to the plaintiff is laid : which, however, does not seem to have been a litigated point. The plaintiff declared, that his wife’s father being about to cut down timber to raise £1000. for her, the defendant his son and heir promised the father, if he would forbear, he would pay the £1000. He did forbear, and the son failing to pay, this suit was brought; and it was decided, that the right to sue was in her, and not in the *224 father or his executors. The propriety of this judgment I am not disposed to controvert. The father had kept his timber and suffered no loss: but he had designed to provide his daughter a portion, and the son’s promise prevented. To refuse to fulfil his promise was a fraud upon the sister, and the loss to her was a sufficient consideration to sustain a special action on the case. But in the case at bar, there was no loss shewn or averred, which 'could constitute a consideration to support an action by the daughter. The case of Dutton & wife v. Poole, therefore, is not an authority in point to that before us. Felton v. Dickinson, 10 Mass. Rep. 287. was also cited. There, a father bound his son to a trade, and the master agreed in consideration of his services to pay him a certain sum at his full age. The son served out his time, and at maturity brought and maintained the action. His services were the consideration; and as it moved from him, and the promise to his father was for him, he being a minor, it was in effect a promise to himself. As to Shemerhorn v. Vanderheyden, 1 Johns. Rep. 139. the decision, as to the point now before us, was extrajudicial; for the case went off on another point, and instead of being decided in favour of the plaintiff, was adjudged against him; so that this point seems to have been but little considered. The case of Pigott v. Thompson, 3 Bos. & Pull. 147. contains but an obiter dictwm of lord Alvanley, in which his brethren differed from him; though I am ready to admit the correctness of his proposition, wherever the promise to pay to the third person is on valuable consideration, or where the consideration moved from that person himself, as was the case in Louther v. Kelly, 8 Mod. 115. All the other cases which have been reviewed or referred to by the bar, in which the action by the third party has been sustained, will be found, I think, to be cases in which a valuable consideration moved from him, or the money was directed to he paid over in discharge of a debt due to him. Such was the *225 case of Ward v. Evans, 2 Ld. Raym. 928. Israel v. Douglass, 1 H. Black. 239. Weston v. Barker, 12 Johns. Rep. 276. in which last, however, Spencer dissented in a strong opinion. The whole of these cases depend upon these legal principles: that choses in action are not assignable; and that no executory contract has any force unless sustained by a valuable consideration. The first is a rule of law adopted for the prevention of maintenance; and though it has, in modern times, been somewhat relaxed, it is still a ruling principle. It was early admitted, that an assignment for value was good in equity; and the assignee is now also permitted to sue at law in the name of the assignor, but he cannot sue in his own name. Nor can the assignee sue at law or in equity, unless he is an assignee for value, as has been already shewn. The second principle is universal. No executory contract has any force, unless it be for value ; and moreover, wherever a valuable consideration is essential to an agreement, the legal interest in the simple contract resides with the party from whom the consideration moves, notwithstanding it may enure for another’s benefit, or even is to be performed to another person. From want of attention to the true principle of the cases, there is some apparent conflict among them, some having gone farther than others in encroaching upon the established rules against the assignment of choses in action. Thus, if I deliver a sum of money to B. to pay over to C. who is my creditor, the money may be sued for by C. as money had and received to his use. Wheatley v. Low, Cro. Jac. 668. Contra, Crifford v. Berry, 11 Mod. 241. And if I have money belonging to B. and promise to pay it for him to G. he C. may sue for it in his own name, since by the agreement the money has changed owners, and 1 have become C.’s agent as 1 was B.’s before. Surtees v. Hubbard, 4 Esp. Rep. 203. This is all clear enough: but not content with going thus far, it has been decided," *226 that if I give goods of the value of £10. to B. to pay to C., C. may sue, the parties having considered and treated the goods as money. 1 Roll. Abr. 32. pi. 13. And where A. was indebted to B. and B. to C. and B, gave an order to A. to pay C. and the order was accepted by A.—C. was admitted to sue A. for the amount. This case has indeed been questioned, though I think without sufficient reason, since A.’s acceptance formed a new contract, for which the transaction furnished a sufficient consideration.
Upon the whole, therefore, I am of opinion, that mrs. Milne had no rights under this supposed contract. But if she had, I am still of opinion they could only be enforced in equity. For it is not perceived, that mrs. Smith’s representative has no concern or interest in the matter: he represents her with whom the contract was made by Ross, and from whom the consideration moved. Accordingly, in one case where the right of the beneficiary to sue was sustained, the right of the promisee to sue was also admitted; Bell v. Chaplain, Hardr. 321. But this leads to one of two consequences; either that the recovery here would not be a bar to the suit of the representative of mrs. Smith, or it would be a bar. If it would not be a bar, then the defendant would be twice charged: if it would be a bar, then the representative of the promisee would be concluded by a proceeding to which he is no party. If then mrs. Milne has rights, it is safest that they be asserted in equity, where all the parties can be convened; or that, at least, the suit should be brought in the name of mrs. Smith’s administrator, that, by being a party upon the record, any controversy between him and mrs. Milne, as to her rights, may be collaterally decided by the usual proceedings in similar cases.
Lastly; admitting mrs. Milne’s right to sue at law, I do not think she can maintain debt. Dutton & wife v. Poole, and all the cases founded on it, were in assumpsit. *227 If entitled to sue, she must sue upon the special promise only; for Ross was never her debtor. This distinction, which prevails in many cases, is strictly applicable here. Thus, debt will not lie against the acceptor or endorser of a bill of exchange (except by statute) but the action lies upon the special undertaking. Nor will it lie on any collateral contract, as on a promise to pay the debt of another in consideration of forbearance. Anon. Hardr. 486. Bishop v. Young, 2 Bos. & Pull. 78. 83. Hard’s case, 1 Salk. 23. Nor will it lie for a wager. Bovey v. Castleman, 1 Ld. Raym. 69. In this case, it is clear, that if Ross was liable at all to mrs. Milne, it was upon the express contract, and not as her debtor, which he never was.
It only remains to observe, that the want of title in mrs. Milne cannot be cured even by the omnipotent act of jeofails. That act never could, have been designed to enable a plaintiff to recover what by his own shewing belongs to another person. The judgment, then, in this case, should have been for the defendant, non .obstante veredicto.
The other judges concurred. Judgment reversed, and judgment for Ross, defendant below.