### JONAS MOULTON *vs.* ELIPHALET TRASK.

When a minor makes a contract, either absolute or conditional, to labor for a year, for $100, and his employer, without sufficient cause, discharges him before the year expires, indebitatus assumpsit may be maintained for the minor's wages for the time during which he labored; and his employer is bound to pay at the rate of $100 a year, deducting any loss that he may have sustained from the minor's unfaithfulness, or occasional absence without leave.

INDEBITATUS ASSUMPSIT for labor alleged to have been performed for the defendant by the plaintiff's minor son. There was also a count on a *quantum meruit.*

At the trial in the court of common pleas, before *Williams,* C. J. the plaintiff's son testified that he applied to the defendant, who is an iron founder, to take him to learn the business of moulding; and that a contract was made, by which he agreed to work for the defendant for the term of one year, if he liked, and the defendant agreed to furnish him board, and pay him at the rate of $100 a year. The defendant introduced evidence tending to show that the contract was for one year's service, upon the terms stated by the son, but without the qualification, "if he liked."

It appeared that after the son had been in the employment

of the defendant about five months, he was discharged by the defendant; and that no reason or cause was then or afterwards assigned by the defendant, to the plaintiff, or to his son, why he so discharged him.

The defendant offered evidence tending to show that, while the son remained with him, he was idle and unfaithful, and was absent, on several occasions, one, two, or three days, without asking the defendant's consent to such absence. The plaintiff offered evidence tending to show that his son was diligent and faithful, and that the defendant made no complaint of his absence. The defendant also offered evidence tending to show that an apprentice, at the branch of work in which the son was employed, would ordinarily earn nothing beyond his board, during the first six months of his apprenticeship, and that this was particularly true of the plaintiff's son.

The defendant contended that, whether the contract was with or without the qualification stated by the son, indebitatus assumpsit would not lie, but that the contract should have been specially declared on; but the judge ruled otherwise. The judge also ruled, that if the contract was as stated by the son, or if it was without the qualification stated by him, and the defendant, without sufficient cause, discharged him from his service, before the expiration of the year, the plaintiff was entitled to recover for the time during which his son was in the defendant's employment, at the rate of $100 a year, deducting therefrom any loss which the defendant might have sustained from the son's unfaithfulness or occasional absence without leave. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions to said rulings of the judge.

*H. Morris & G. B. Morris*, for the defendant. The plaintiff should have declared on the special agreement. The general counts cannot be maintained in this case. *Algeo* v. *Algeo*, 10 S. & R. 235. *Phelps* v. *Sheldon*, 13 Pick. 50. *Champlin* v. *Butler*, 18 Johns. 169. *Young* v. *Preston*, 4 Cranch, 239. Part of the payment was to have been made

in the board of the plaintiff's son ; and in such a case, indebitatus assumpsit will not lie.    1 U. S. Digest, Assumpsit, 186, 192, 208, 210.

The contract price is not to be recovered on a general count. *Dickey* v. *Linscott,* 7 Shepley, 453.    1 Dane Ab. 223, 228. *Linningdale* v. *Livingston,* 10 Johns. 36.    When the contract has been received in evidence, on the general counts, it has been for the purpose of protecting the defendant, that is, to prevent his being made liable for more than he had promised to pay.    See *Hayward* v. *Leonard,* 7 Pick. 185.    That reason does not exist in the present case.    Besides; the plaintiff could not earn any thing beyond his board, while he labored for the defendant.

*Boise,* for the plaintiff.    When a contract ceases to be executory, the general counts in assumpsit are proper to be adopted by the party who seeks to enforce the contract.    *Felton* v. *Dickinson,* 10 Mass. 287.    *Baker* v. *Corey,* 19 Pick. 496. *Hill* v. *Green,* 4 Pick. 114.    *Hoar* v. *Clute,* 15 Johns. 224. *Perkins* v. *Hart,* 11 Wheat. 237.    A minor's wages are protected, though he violates his contract.    *Moses* v. *Stevens,* 2 Pick. 232.    *Vent* v. *Osgood,* 19 Pick. 572.    And the contract price is recoverable, though the contract is not fully performed.    *Hayward* v. *Leonard,* 7 Pick. 181.    *Frazier* v. *Cushman,* 12 Mass. 277.

SHAW, C. J.    It appears to the court that the instructions were right, and that, in the case supposed, indebitatus assumpsit would lie.    The question whether the son was idle and unfaithful was left to the jury, upon instructions which were not excepted to.    There was conflicting evidence upon the point whether the contract was absolute, for a year, or qualified, as the son testified, for a year, *if he liked.*    It was in reference to this, that the instruction was given, which is excepted to.    It was this ; that if it was without such qualification, that is, for a year certain, still, if the defendant, without sufficient cause, discharged him from his service, before the expiration of the year, the plaintiff was entitled to recover, *pro ratâ* for the portion of the year.

The rule of law is well stated by the defendant's counsel, that when a special contract is open and unexecuted, and the plaintiff proceeds for a breach of it, he must declare specially, and set it out, and aver a breach ; and that indebitatus assumpsit will not lie. But when a contract is at an end, either by its own original terms, or by the subsequent consent of the parties, or by the unjustifiable act of the defendant, and nothing remains but to pay money, indebitatus assumpsit will lie, although the debt accrued under a special contract ; and such special contract may be proper and necessary evidence in support of the action. *Grissell* v. *Robinson*, 3 Bing. N. R. 15, and 3 Scott, 335. *Felton* v. *Dickinson*, 10 Mass. 287. *Baker* v. *Corey*, 19 Pick. 496. *Perkins* v. *Hart*, 11 Wheat. 237.

The case put by the judge was, that if the further performance of the contract had been dispensed with or permitted by the defendant, the plaintiff might declare in indebitatus assumpsit, for the part of the money already earned, conformably to the terms of the contract. The instruction rightly proceeded on the ground, that if the defendant had, without justifiable cause, prevented the further performance of the contract, the plaintiff, by bringing his action for the part of the year, during which the son had served, thereby assented to the act of the defendant, and the contract was thereby determined. Had the plaintiff proceeded for the wages of the whole year and the board for the unexpired part of the year, then he would have proceeded as upon the open and executory contract ; he must have set it out in a special declaration, and averred a performance, or readiness to perform, on the part of the son, and a breach on the part of the defendant ; and general indebitatus assumpsit would not lie.

*Exceptions overruled*