Dewey, J.
It is unnecessary to decide whether the instrument offered in evidence supports the special count. If that was the only count upon which the plaintiff could recover, the inquiry would then properly arise, whether the memorandum appended to the note, and signed by the defendant, could in any sense be considered a defeasance of the note, or as containing any thing to qualify the stipulations in the note itself. If so, then upon the authority of the case of Whitaker v. Smith, 4 Pick. 83, the evidence would not support the count on the note. But it is unnecessary to consider this point, as the writ contains the common money counts, and these are quite sufficient to embrace the plaintiff’s case upon the evidence.
However special the contract, yet if there remains no other duty, than the mere payment of a stipulated sum of money, the count for money had and received will be sufficient. Felton v. Dickinson, 10 Mass. 287; State Bank v. Hurd, 12 Mass. 171; Baker v. Corey, 19 Pick. 496; Bates v. Curtis, 21 Pick. 247; and more directly in point, being the case of a promissory note, given in consideration that the payee would assign a certain mortgage, the case of Payson v. Whitcomb, 15 Pick. 212. There is no practical inconvenience resulting from this form of pleading, inasmuch as the rules of practice require reasonable notice to be given of the nature of the claim sought to be enforced, whenever the party needs such information, and moves for an order to that effect.
It is insisted, nowever, on the part of the defendant, that the plaintiff was required by the rule of the court of common pleas, to file a bill of particulars, or be precluded from introducing this evidence under the general counts. To this objection, two answers may be given: 1st, No such objection appears to have been taken in the court of common pleas, and therefore is not properly open here; as that court had full *86 power, if such objection had been taken, to have granted farther time to the plaintiff for filing such bill of particulars, and thus avoided this objection ; 2d, The defendant' had full notice of this claim of the plaintiff from the pleadings. The note itself now sought to be recovered was set forth as a cause of action in one of the counts. This superseded the necessity of filing a bill of particulars, setting forth the note as a demand upon which the plaintiff would rely at the trial.
The further ground of defence, arising from the discharge granted by a master in chancery, is also unavailing to the defendant ; because the case falls within the provisions of the act of 1844, c. 178, § 5, which declares the discharge invalid in the case therein specified; and because the plaintiff, at the time of the malting of the promise, was, and ever since has been, a citizen of the state of Maine. Savoye v. Marsh, 10 Met. 594; Woodbridge v. Allen, 12 Met. 470.

Exceptions Overruled.