HORATIO N. HOLBROOK *vs.* DAVID DOW.

A declaration alleging a promise by the defendant to pay to the plaintiff a sum of money, is supported by proof of a promise to do certain other things and to pay the money, if the payment of the money is all that remains to be done.

CONTRACT upon a promise by the defendant to pay the plaintiff fifty four dollars for his services in procuring the settlement of a suit against the defendant. At the trial in the superior court, before *Brigham*, J., a verdict was returned for the plaintiff, and the defendant alleged exceptions. The case is stated in the opinion.

*N. Morse*, for the defendant.

*B. Dean*, for the plaintiff.

HOAR, J. It is a familiar principle in pleading, that when a special contract has been executed so far that nothing remains but the payment of money, it is not necessary to declare upon the contract, but a count in *indebitatus assumpsit* will be sufficient. 2 Greenl. Ev. § 104. *Felton* v. *Dickinson*, 10 Mass. 287. The second count in the plaintiff's declaration is a common count, framed upon this view of the case, and, if supported by the evidence, the verdict for the plaintiff must stand, unless the jury were erroneously instructed.

The defendant was the plaintiff's assignee in insolvency; and the plaintiff testified that, in consideration that he would procure the settlement of a suit which had been brought against him by one Colman, the defendant promised to obtain the assent of the plaintiff's creditors to his discharge, give up certain account books, pay Colman $100, and pay the plaintiff the sum of $54, the same being the amount of an allowance which the plaintiff claimed the commissioner had decreed to him. He further testified that he did procure the settlement of the suit, and that the defendant performed the contract on his part, except the payment of the $54. If then the jury were satisfied that the promise to pay $54 was absolute — to pay that sum of money in consideration of the settlement of the suit, and not

merely to pay the allowance to which the plaintiff was entitled from his estate — the form of declaring was sufficient, and there was no variance between the declaration and the proof.

There was no proof of any promise by the defendant in writing; and there was conflicting evidence in regard to the promise by parol, which was submitted to the jury.

The court instructed the jury that the plaintiff could not recover upon any promise made by the defendant in his character as assignee, for the payment of money out of the funds of the insolvent estate, unless the promise was in writing; and that the plaintiff could not recover the amount of any allowance made by the commissioner in insolvency for the plaintiff, unless the defendant was acting as the assignee of his estate in insolvency.

As the promise was not in writing, we think the effect of these instructions was this: That the plaintiff could not recover, if the jury found that the promise was merely to pay an allowance which had been made to the insolvent debtor, by an order of the commissioner, out of the estate. Their meaning, perhaps, would have been more plain, if the succession in which the instructions were given had been reversed; but the jury could hardly fail to understand them, because they were afterwards instructed that the existence and proof of such an order would not avail the plaintiff, as he could not recover upon it. And although the jury, at the request of the plaintiff, were directed to find specially whether an order had, in fact, been made by the commissioner, upon evidence and rulings, the competency and correctness of which it is now immaterial to consider, they were instructed upon the real issue in the cause, upon which their verdict should depend, that "if the defendant, in consideration of services or assistance rendered to him by the plaintiff, in the adjustment and settlement of the business of the insolvent estate, as the defendant's agent, promised to pay the plaintiff therefor the sum of $54, the plaintiff was entitled to recover that sum."

This instruction left it to the jury to determine whether the promise to pay the $54 was made absolutely, as a compensa-

tion for services rendered, or was made upon the condition that there was an allowance by the commissioner, to be paid out of the insolvent estate. And as the jury found for the plaintiff upon this issue, and as, for the reasons above stated, their verdict would be an appropriate finding upon the second count in the declaration, the defendant has no just ground of exception.

*Exceptions overruled.*