ARBA READ & another *vs.* WILLIAM SMITH.

A declaration alleging that the plaintiff agreed to send to the defendant certain barrels
containing beer, and did do so, and that the defendant agreed to return the same or pay
therefor, and that the defendant did not return the same, and owes the plaintiff therefor
a specified sum for each, is bad on demurrer; nor is it supported by proof of an agree-
ment by the defendant to return all the barrels sent by the plaintiff, or, if for any reason
he should not return all, to pay for them at the rate specified.

CONTRACT. The first count was for goods sold, as by account
annexed. The second count was as follows : " And the plain-
tiffs say that they made a contract with the defendant, wherein
and whereby they agreed with the defendant to send him cer-
tain barrels and half barrels containing beer, at his request, and
did do so ; and the defendant, in consideration thereof, agreed
to return the same or pay therefor ; and the plaintiffs say the
defendant did not return the said barrels, but that they delivered
to him one hundred and thirty-nine barrels and forty-two half
barrels, which the said defendant has not returned, and that the
defendant owes the plaintiffs therefor two dollars for each barrel,
and one dollar and fifty cents for each half barrel." The de-
fendant demurred to the second count, assigning for cause that
it did not allege any time within which the barrels and half
barrels were to be returned, or any request for their return
but *Brigham*, J., overruled the demurrer. The defendant then,
" reserving the right to be further heard on his demurrer,"
filed an answer to this count, denying the contract therein
set forth.

At the trial in the superior court, it appeared that the plain-
tiffs were brewers, living in Troy, in the State of New York,

and that they sold ale to the defendant, who lived in Boston, and sent it to him in barrels and half barrels, in large quantities. The only evidence of the agreement as to the barrels and half barrels was contained in the depositions of the two plaintiffs, one of whom stated it as follows: " He (the defendant) agreed to return all the casks that we should send him ; or, if for any reason he should not return all, then he agreed to pay for them at the rate of two dollars for each barrel, and one dollar and fifty cents for each half barrel ; " and the other plaintiff stated it substantially in the same way.

The defendant moved for a nonsuit on the ground of a variance between the declaration and the proof; but the court ruled that there was no variance.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*E. M. Bigelow*, for the defendant.

*T. H. Russell*, for the plaintiffs.

CHAPMAN, J.   If the verdict had been upon the general count it must have been sustained, for the evidence tended to prove an executed contract of sale and delivery.   Whenever by the terms of the agreement the casks became the property of the defendant, they were his by sale and delivery ; and nothing remained to be done but to pay the price.   In such case a general count is sufficient; the claim being merely for money, and founded in a past or executed consideration.   1 Chit. Pl. 316, 372 ; *Felton* v. *Dickinson*, 10 Mass. 287.   *Baker* v. *Corey*, 19 Pick. 496.   *Holbrook* v. *Dow*, *ante*, 397.

But the verdict is upon the special count, which declares upon the contract as executory.   In such case the rule of pleading was, before the practice act, that the declaration must allege all the circumstances necessary for the support of the action, and contain a full, regular and methodical statement of the injury which the plaintiff has sustained, with such precision, certainty and clearness that the defendant, knowing what he is called upon to answer, may be able to plead a direct and unequivocal plea; and that the jury may be able to give a complete verdict upon the issue, and the court, consistently with

the rules of law, may give a certain and distinct judgment upon the premises. 1 Chit. Pl. 285.

The practice act has made no change in this respect; for although by this act the facts may be briefly stated, yet all the facts must be stated which are necessary to constitute the cause of action. *Hollis* v. *Richardson*, 13 Gray 392. The principal changes made by that act in respect to declarations were, (1 ) It adopted a suggestion which was originally made by Mr. Long to the British Commissioners, that the number of personal actions should be reduced to two. (2.) That no averment need be made which the law does not require to be proved. As incident to these changes some other formal changes were made. But the act distinctly requires that the substantive facts necessary to constitute the cause of action shall be set forth with substantial certainty. And though it changes the forms of pleading and dispenses with technicalities, it is still important in framing declarations and answers, so as to present causes properly for trial, that the principles of special pleading should be carefully regarded.

By the contract appearing in the bill of exceptions as executory, the casks were to be returned either in a reasonable time or upon request. If in a reasonable time, as the evidence seems to show, the plaintiff must prove that a reasonable time had elapsed ; and this is a substantive fact necessary to constitute his cause of action. He ought therefore to have alleged it.

If they were to be returned upon request, the request was a substantive fact to be proved, and therefore it must be alleged. The declaration omits to state any time within which they were to be returned or paid for. *Non constat* that it was to be before the commencement of the action. The allegation that the defendant owes the plaintiff therefor is the statement of a conclusion of law, and not of a substantive fact. *Hollis* v. *Richardson, ubi supra.* This allegation therefore does not supply the defect. The defendant's demurrer entitles him to take advantage of this defect. If a defendant chooses to go to trial upon a defective declaration without demurring to it, or moving the court for an order upon the plaintiff to make his allegations

44 *

more full and particular, it is to be presumed that he was sufficiently informed as to the plaintiff's case, and the rule is proper that he shall not then be permitted to disturb the verdict. And the same is true where a plaintiff chooses to go to trial upon a defective answer. But, if the defect is pointed out beforehand in a proper way, the pleader must amend or proceed at his peril.

Another objection taken at the trial was that there was a variance between the declaration and the proof. The declaration does not state that any price was agreed upon, but left it as a *quantum valebant.* The allegation that the defendant owed the plaintiff a certain sum for the casks was not an allegation that this sum was the price agreed. But the proof was that a price had been agreed upon; and this variance was material. *Exceptions sustained.*