JULIA M. MARSTON *vs.* GEORGE B. BIGELOW.

Suffolk.    January 29, 1889. — September 7, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES,
& KNOWLTON, JJ.

*Contract — Promissory Note — Father's Promise for Son's Benefit — Consider-
ation — Equitable Defence — Evidence — Notice by Mail — Presumption of
Delivery — Interest.*

A son cannot recover, on the ground of relationship, upon a promise made for his
benefit to his father, if the consideration for such promise moves wholly from
the father.

In an action upon a promissory note against the maker, the answer set up as a
defence, and evidence was offered at the trial, that, before the note matured,
the maker's father conveyed land to the payee, a part of the price being in-
dorsed upon the note in part payment thereof, and that in consideration thereof
the payee agreed with the father never to molest or trouble the son for the
balance due upon the note. The presiding judge excluded the evidence, where-
upon the defendant moved to have his father summoned in as a party to render
that defence competent, which motion was overruled. *Held,* that this defence
would not avail the defendant, and that the evidence was rightly rejected, and
the motion properly overruled.

The note contained a promise to pay "five years from date at the rate of six, 6½,
one half per cent per annum, payable semiannually," and the jury were in-
structed that, upon the question whether interest should be allowed from the
date of the note, they might take into consideration the subsequent acts of the
parties, and that, if they were thereby satisfied that the parties interpreted
the note as one bearing interest from its date and acted upon that interpreta-
tion, they would be warranted in reckoning interest from its date. *Held,* that
the omission of the words " with interest" was a mere clerical error, and that
the instructions were sufficiently favorable to the defendant.

The payee signed a notice required by the terms of the note to be given to the
maker and caused it to be deposited, postage paid, in the post-office, directed to
an office of the maker, from which he had removed a year and a half previously
to another office, where, being a lawyer in active practice, he daily received
letters by mail. The envelope containing the notice bore a request that, if not
delivered in five days, it should be returned to the payee, but it was not so re-
turned. There was no evidence that the maker's new address was known to
the postal authorities, except as that fact might be presumed from the usual
course of the postal service. The maker requested the judge to rule that the
presumption of the delivery of a letter, sent postpaid through the mail to the
person to whom it is addressed, does not apply to a case where the letter is
directed to a place from which the person to whom it is addressed has removed.
*Held,* that this request was properly refused, and the question of the receipt by
the maker of the notice was properly left to the jury.

CONTRACT, by the administratrix of the estate of Smith Curtis,
for a balance due upon the following promissory note:

" Boston, April 1, 1876.   For value received, I promise to pay to Smith Curtis, or order, the sum of ten thousand dollars, five years from date, at the rate of six, $6\frac{1}{2}$, one half per cent per annum, payable semiannually.   Six months' notice in writing to be given to promisor or his representative if payment at the end of said term will be required, or before enforcing payment if said note is allowed to run over the term above limited, this note being given in full satisfaction and payment of all demands.

" George B. Bigelow."

On the back of the note, among other indorsements of payments of interest signed by the intestate, were the following :

" January 29, 1879, received on account of the within nine hundred seventeen $\frac{6}{100}$ dollars, interest in full to date, also seventeen hundred and seventy dollars of principal."

" January 22, 1880, received on account of interest on the within, twenty dollars."

The answer was as follows : " And now comes said defendant and says that he made a writing to the same effect as that declared upon, but he denies that there ever has been any demand for payment as therein required ; and he further says, that after making the said writing, to wit, the twenty-ninth day of January, in the year 1879, the father of this defendant paid to Smith Curtis, the plaintiff's intestate, the sum of twenty-six hundred and eighty-seven dollars and six cents, being all the interest accrued on the sum of ten thousand dollars, the amount specified in said writing to that date, and also the sum of seventeen hundred and seventy dollars on account of said principal sum, upon the consideration and distinct agreement of said Curtis that he would not thereafter sue or molest this defendant in any way by reason of the writing declared, or attempt to enforce said claim, but this defendant might make any further payments at any time thereafter that he might wish ; and he prays judgment if the plaintiff ought to have or maintain this action against him."

Writ dated July 17, 1886.

Trial in the Superior Court, before *Hammond*, J., who, after a verdict for the plaintiff, reported the case for the determination of this court, as follows.

The plaintiff contended that, in March, 1883, a notice was given by Curtis to the defendant, which notice was as follows :

" Mr. Geo. B. Bigelow, — In your note dated April 1, 1878, for ten thousand dollars, given to Smith Curtis, I give you notice I require payment of said note according to terms.    Yours truly, Smith Curtis."    She offered evidence that one Dexter, on March 10, 1883, wrote the above notice at the request of Curtis, who then signed it; that Dexter put it into an envelope addressed to the defendant at the Old State House in Boston, and placed the same, postage paid, in the United States mail; and that on the envelope was a request that the letter, if not delivered in five days, should be returned to Dexter, and that it was not returned. The plaintiff introduced other evidence tending to show that at a trial of another action the defendant testified that he had no recollection of having received the notice, but that it was possible he might have done so.    There was evidence that the defendant, a year and a half before March 10, 1883, removed from the Old State House to another building on Washington Street in Boston, where he remained until after March 10, 1883; but there was no evidence that the defendant's new address was known to the postal authorities, unless that fact can be presumed from the usual course of postal service in the city of Boston. The defendant testified that he had no recollection that he made any request that his letters should be forwarded to his new address, or that they were so forwarded; that he had no reason to believe that his letters were regularly or usually forwarded from the old to the new address, but that at that time he was, and for years had been, a lawyer in active practice, and daily received letters at his office by mail; and that he saw Curtis a number of times after March 10, 1883, and before his death, and no mention was made of the demand.

The defendant offered to prove, by competent evidence, that on January 29, 1879, his father, Samuel Bigelow, conveyed a piece of real estate to Curtis for the sum of fifteen thousand dollars, receiving forty-five hundred dollars in cash and a portion of the balance in an indorsement upon the note in question; that Curtis agreed with Samuel Bigelow, in consideration of this conveyance, never to molest or trouble the defendant for the balance due upon the note; and that the interest to January 29, 1879, and seventeen hundred and seventy dollars of the principal of the note, were then paid by this conveyance and indorsed

upon the note. The plaintiff admitted that these sums should be allowed upon the note, but objected to the introduction of the evidence, on the ground that the agreement with Samuel Bigelow was not a bar to this action. The defendant contended that this defence was open to him under the St. of 1883, c. 223, if not before that statute, and asked the judge so to rule; but as Samuel Bigelow was neither a party to the note nor to this action, the judge ruled that, notwithstanding the St. of 1883, the defence was not open to the defendant, and excluded this evidence offered to support it; and the defendant duly excepted. The defendant then moved that Samuel Bigelow be summoned in as a party to this suit, so that the defence would become competent; but the judge ruled, as matter of law, that Samuel Bigelow could not be summoned into court for that purpose, and overruled the motion.

Upon the question whether the defendant received the notice of March, 1883, the defendant asked the judge to rule:

" 1. That there was no evidence of the delivery of this notice of March 10, 1883, to the defendant.

" 2. That the presumption of the delivery of a letter sent postpaid through the mails to the person to whom it is addressed does not apply to a case where the letter is directed to a place from which the person to whom it is addressed has removed."

The judge declined to give either of these instructions, and instructed the jury that there was a presumption that a letter sent postpaid through the mails is delivered at the place to which it is addressed; and that if the person to whom it is addressed has removed from that place and has informed the postal authorities of the place to which he has removed, or if the authorities otherwise know the new address, it is a presumption, in the absence of other evidence, that the letter is delivered to him at the new address; but that this was simply a presumption, and the jury were to consider upon the whole evidence whether the notice was received. The jury were further instructed to bring in a verdict for the plaintiff, if they found that the defendant received that notice; otherwise, for the defendant.

The defendant contended that, as matter of law, the note did not bear interest from its date at the rate of six and a half per cent, and asked the judge so to rule, which he refused to do;

but upon the question of the amount of the verdict, if for the plaintiff, he instructed the jury, that, upon the question whether interest should be allowed from the date of the note, they might take into consideration the subsequent acts of the parties, and if they were satisfied from the subsequent dealings of the parties with reference to the note that the parties interpreted the note as one bearing interest from its date and acted upon that interpretation, the jury would be warranted in reckoning interest from its date.    The defendant excepted.

The jury returned a verdict for the plaintiff for the balance due on the note, with interest from its date, upon which judgment was to be entered if the rulings and refusals to rule were correct.

The case was submitted on briefs to all the judges.

*P. B. Kiernan*, for the plaintiff.

*C. W. Turner & S. J. Elder*, for the defendant.

1. The agreement which the defendant offered to prove would have constituted a defence to this suit if the defendant himself had been a party to it.    It could have been pleaded as a release to avoid circuity of action.    *Foster* v. *Purdy*, 5 Met. 442, 443. In fact, being without any limitation as to time, it would have amounted to an absolute release and discharge.    2 Chit. Con. (11th Am. ed.) 1146, and cases cited.    *Sewall* v. *Sparrow*, 16 Mass. 24, 26.    Now satisfaction made by a stranger to a party having a cause of action, and adopted by the party liable to an action, is a good bar, and the act of the stranger may be adopted by pleading it as a bar.    2 Chit. Con. (11th Am. ed.) 1133.    *Jones* v. *Broadhurst*, 9 C. B. 173, 193.    *Belshaw* v. *Bush*, 11 C. B. 191, 206.    *Simpson* v. *Eggington*, 10 Exch. 845, 847.    See Fitz. Abr. *Barre*, pl. 166 ;  Co. Lit. 206, b.

2. It was early held in this Commonwealth, that a promise made to a father for the benefit of a son might be enforced by the latter in a suit at law.    *Felton* v. *Dickinson*, 10 Mass. 287, 290. This case went so far as to hold that any one might maintain an action on a promise made to a third person for his benefit, on a consideration furnished by that third person, and this doctrine was long approved by this court.    See *Arnold* v. *Lyman*, 17 Mass. 400, 405 ;  *Cabot* v. *Haskins*, 3 Pick. 83, 92 ;  *Carnegie* v. *Morrison*, 2 Met. 381, 402;  *Brewer* v. *Dyer*, 7 Cush. 337, 340. In *Mellen* v. *Whipple*, 1 Gray, 317, 323, Mr. Justice Metcalf lim-

ited the application of the above rule to certain classes of cases, of which the second class was stated to be " cases where promises have been made to a father or uncle, for the benefit of a child or nephew," to which class of cases *Felton* v. *Dickinson* belongs. Mr. Justice Gray, in *Exchange Bank* v. *Rice,* 107 Mass. 37, 42, after stating that *Felton* v. *Dickinson* is the only case in this State where an action has been maintained by a son on a promise made to his father for his benefit, and after noticing the fact that the early English authorities for such a liability had been overruled by *Tweddle* v. *Atkinson,* 1 B. & S. 393, remarks that the case then before the court did not require a reconsideration of the question. Unless, therefore, *Felton* v. *Dickinson* is to be overruled, the agreement which the defendant offered to prove was one in which he had a legal interest, and for the breach of which he might maintain an action at law. If the defendant can maintain an action for a breach of the contract not to sue made by the plaintiff's intestate, he may plead and prove it as a bar to this action. *Foster* v. *Purdy,* 5 Met. 442, 443. In the United States Supreme Court and in the courts of many of the States it is still the rule, that any person, although a stranger to the consideration, may maintain an action upon a contract made in his favor with a third person. *Hendrick* v. *Lindsay,* 93 U. S. 143. *Bohanan* v. *Pope,* 42 Maine, 93. *Lawrence* v. *Fox,* 20 N. Y. 268. *Kountz* v. *Holthouse,* 85 Penn. St. 235. *Allen* v. *Thomas,* 3 Met. (Ky.) 198. *Bassett* v. *Hughes,* 43 Wis. 319. *Davis* v. *Calloway,* 30 Ind. 112. *Snell* v. *Ives,* 85 Ill. 279. *Johnson* v. *Collins,* 14 Iowa, 63. *Meyer* v. *Lowell,* 44 Misso. 328, 330.

3. If the defendant was a stranger to the consideration of the contract which he sets up, and acquired no legal rights under it, he is entitled to avail himself of it as a defence under the St. of 1883, c. 223, § 14, which provides: " In actions at law in the said courts, the defendant shall be entitled to allege as a defence any facts that would entitle him in equity to be absolutely and unconditionally relieved against the plaintiff's claim or cause of action." The defendant submits, that, if the plaintiff's intestate made the agreement set up in the answer, the defendant acquired an equitable right to have that agreement carried out, and could enforce that right by a bill in equity brought in his own name. Met. Con. 206. *Crocker* v. *Higgins,* 7 Conn. 342. *Ward* v.

*Lewis*, 4 Pick. 518, 523.   *New England Bank* v. *Lewis*, 8 Pick. 113.   *Bryant* v. *Russell*, 23 Pick. 508, 520.

4. The defendant submits that the instruction as to the presumption of the delivery of the notice which he requested should have been given, and that the instruction given was incorrect. The presumption of fact, that letters properly directed, stamped, and mailed are received, is founded upon the probability that officers of the government will do their duty.   *Huntley* v. *Whittier*, 105 Mass. 391.   *Briggs* v. *Hervey*, 130 Mass. 186, 188.   The instruction given is based upon the assumption that the post-office officials, if they knew the defendant's new address, would have delivered letters to him, though wrongly addressed to his old address, with the same accuracy and regularity as though they had been properly addressed.   It is submitted that the evidence did not support this assumption, and that the jury may have been misled by the instruction as given.

MORTON, C. J.   The defendant offered to prove, as a defence to the note sued on, that on January 29, 1879, which was before the note matured, his father, Samuel Bigelow, conveyed to the plaintiff's intestate a piece of land ; that a part of the consideration, namely, seventeen hundred and seventy dollars, was paid, and indorsed upon this note ; and that in consideration thereof the plaintiff's intestate agreed never to molest or trouble the defendant by suit for the balance due upon the note.   This is not an offer to prove a satisfaction and discharge of the note. Indeed, such a defence is not open under the pleadings ; and the evidence shows that a year afterwards the defendant made a payment on account of the balance due on the note, thus recognizing it as an existing obligation.   It was merely an offer to prove a collateral promise never to sue the note, made to a stranger who is not a party to the note or to this suit.   Such a promise, made upon good consideration to the defendant himself, would operate to defeat the suit.   *Foster* v. *Purdy*, 5 Met. 442. The question is whether the defendant can avail himself of such a promise, made to a stranger, as a defence to the note.   Unless he could bring a suit upon such contract, he cannot use it as a defence.   Different rules upon this subject have been adopted and acted upon by different courts.   But in this Commonwealth, as is stated in *Exchange Bank* v. *Rice*, 107 Mass. 37, " The gen-

eral rule of law is, that a person who is not a party to a simple contract, and from whom no consideration moves, cannot sue on the contract, and consequently that a promise made by one person to another, for the benefit of a third person who is a stranger to the consideration, will not support an action by the latter. And the recent decisions in this Commonwealth and in England have tended to uphold the rule and to narrow the exceptions to it." The subject is discussed and the authorities cited in Metcalf on Contracts, 205 *et seq.*

The defendant contends that, by a recognized exception to this rule, a son may sue upon a promise made for his benefit to his father. This was formerly held in several English cases, but it is not now so held in England. The only case in this court which supports the defendant's contention is *Felton* v. *Dickinson,* 10 Mass. 287. In that case the declaration contained counts in *indebitatus assumpsit* for two hundred dollars, in consideration of work and labor performed for the defendant by the plaintiff at the defendant's request, and a *quantum meruit* for the same work and labor. The evidence at the trial was, that the father of the plaintiff, when the latter was fourteen years of age, placed him in the service of the defendant, upon an agreement that the plaintiff was to remain in that service until he should be of age, and that the defendant was to support him during that time, and to pay him two hundred dollars when he was of age. Upon the peculiar facts of the case, we think the court rightly decided that the son could maintain the action. The agreement of the father operated as an emancipation of the son, and entitled him to receive the wages of his labor. *Corey* v. *Corey,* 19 Pick. 29. The consideration of the wages he was to receive when he became of age was his labor; and it may well be held, as matter of law, that the promise to the father to pay the son a stipulated sum was made to the father acting on behalf of and as the agent of the son, and thus a promise to him. The agreement was not an independent agreement, in which the son had no part or interest. From the nature of the contract he was a privy and party to it. He had an interest in it, and the father and the defendant could not, without his assent, rescind the agreement just before he became of age, and thus defeat his rights under it. The court, in its opinion, puts the decision upon the

broad ground, that, "when a promise is made to one, for the benefit of another, he for whose benefit it is made may bring an action for the breach." But, as we have seen, this is not the law as established by the later decisions. *Exchange Bank* v. *Rice*, 107 Mass. 37, and cases cited.

While the case of *Felton* v. *Dickinson* was rightly decided upon its peculiar circumstances, we think it cannot be fairly regarded as establishing a general rule that a son may sue upon a promise made for his benefit to his father. The nearness of the relationship may be evidence that the promise to the father was made to him acting in behalf of, and as the agent of, the son, and therefore was a promise to the son; but when it appears that the promise was not made to the son, and that the consideration did not move from him, we can see no reason why the nearness of the relationship should change the general rule of law, that a man cannot sue upon a contract to which he is not a party or privy.

In the case at bar there was no offer to prove a promise to the defendant not to sue: the promise is set out in the pleadings and in the offer of proof as a promise to the father upon a consideration moving wholly from him. As to such agreement, there was no privity of contract between the plaintiff's intestate and the defendant. The only contract is between the plaintiff and Samuel Bigelow, and they may at any time revoke and annul it. The only party entitled to sue the plaintiff upon that contract, either at law or in equity, is Samuel Bigelow. The case falls within the general rule of law, that one who is not a party to a contract cannot sue upon it. As the defendant could not enforce this agreement, which he offered to prove, either in law or equity, he cannot avail himself of it as a defence in this suit, and the Superior Court rightly rejected the evidence offered by him to prove such contract.

There was evidence proper to be submitted to the jury, that the defendant received the notice which was mailed to him, and the prayer for a ruling that there was no evidence of the delivery of the notice was properly refused. The second ruling requested by the defendant was properly refused. The deposit of a letter in the post-office, addressed to a party at his place of business, is *prima facie* evidence that he received it in the ordi-

nary course of the mails. This is founded upon the presumption that the public officers will do their duty. *Huntley* v. *Whittier,* 105 Mass. 391. So, if a party has changed his place of business, and has informed the post-office authorities of it, there is a presumption or inference that the letter has been delivered at the new address. The deposit of the letter in the post-office, accompanied by evidence that the authorities knew of the change, furnishes competent evidence that the party has received the letter. In either case there is a disputable presumption or inference of fact, the weight of which is for the jury. In the case at bar, there was other evidence tending to show the receipt by the defendant of the letter addressed to him by the plaintiff's intestate, and the court properly left it to the jury to determine, upon all the evidence, whether the defendant had received the letter, giving such weight to the presumption or inference as they thought it entitled to.

It is plain that the omission of the words " with interest," in the note sued on, was a mere clerical error, and the instruction on this subject was sufficiently favorable to the defendant.

*Judgment on the verdict.*