[See Cases Nos. 16,893 and 16,895.]

---

## Case No. 16,895.

VASSE v. MIFFLIN.

[4 Wash. C. C. 519.] [1]

Circuit Court, E. D. Pennsylvania. April Term, 1825.

PRODUCTION OF PAPERS—SUFFICIENCY OF NOTICE —SECONDARY EVIDENCE—COPIES—JURISDICTION OF FEDERAL COURTS.

1. Notice to the opposite party to produce at the trial all letters in his possession relating to

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

moneys received by him under the award of the commissioners, under the Florida treaty, is sufficiently specific, as they are described by their subject matter.

[Cited in U. S. v. Babcock, Case No. 14,484; Gregory v. Chicago, M. & St. P. R. Co., 10 Fed. 531.]

2. If to such notice, the party answer on oath that he has not a particular letter in his possession, and, after diligent search, could find none such, it is sufficient to prevent the offering of secondary proof of its contents. The party cannot be asked or compelled to answer whether he ever had such a letter in his possession.

3. A copy of a letter from the witness himself, defendant's agent, to the plaintiff's agent, acknowledged by him to be a true copy, cannot be read in evidence. The original, if produced, could not; as the facts contained in it would be more properly proved by the witness who wrote the letter.

4. A citizen of the District of Columbia cannot maintain an action in the circuit courts of the United States.

[Cited in Cissel v. McDonald, Case No. 2,729; Darst v. City of Peoria, 13 Fed. 564.]

This was an action brought to recover about $10,000, which had been received by Mr. Webster, the attorney of the defendant, under the Florida treaty, for spoliations committed by Spanish cruizers upon sundry vessels which the plaintiff had underwritten, and the losses on which he had paid prior to his bankruptcy in 1800. The defendant was the agent of sundry claimants under that treaty, and, amongst others, of the assignees under the commission against the plaintiff. The question intended to be contested was, whether this claim passed under the commission and assignment.

The following points of evidence were ruled upon the plaintiff's opening: 1. Mr. Jaudon, the defendant's agent, employed to attend the commissioners under the treaty, and to prepare the business for them so far as concerned the claims committed to the defendant's care, stated, that he saw Mr. Webster write a letter to the defendant, and was proceeding to state the contents of it; which was objected to by defendant's counsel. The plaintiff then read a notice to the defendant to produce, at the trial, all letters, papers and books in his possession, relating to moneys received by him under the award of the commissioners acting under the Florida treaty. This notice was again objected to as being too general. But THE COURT decided that it was sufficiently specific, the letters called for being described by their subject matter, which the plaintiff might not have had the means of describing by their dates. The defendant then swore that he had searched for the letter alluded to by the witness, and could not find it. He was then asked by the plaintiff's counsel, if he had never received such a letter? THE COURT decided this question to be improper. The plaintiff had no right to examine the defendant as a witness. All the defendant had to do was to purge himself, by swearing that he had not such letter in his possession, or had diligently searched for and could find none such. THE

COURT refused to let secondary evidence of the contents of the letter be given. The witness was then shown the copy of a letter from himself to Mr. Lee, the plaintiff's agent, respecting the award of the commissioner, and asked if it was a copy, and being answered that it was, the counsel offered to read it. The objection to this, made by the defendant's counsel, was sustained by the court. If the original letter were here, still the contents as to the facts stated in it, would be inferior to the evidence of the witness himself, who is here to be examined respecting them. But as the original was addressed to, and must be supposed to be in possession, or under the control of the plaintiff, a copy is inadmissible as evidence.

Evidence being given that the plaintiff resided in. and was a citizen of the District of Columbia. and was not of Virginia, as stated in the declaration, THE COURT informed the plaintiff's counsel that he could not maintain his action in this court. He accordingly consented to suffer a nonsuit.

C. J. Ingersoll, for plaintiff.
J. R. Ingersoll, for defendant.

[See Cases Nos. 16,893 and 16,894.]