## EX PARTE E. J. BREEDING.

Applicant received from the Board of Examining Surgeons of the 2d Congressional District, a certificate of permanent unfitness to perform military service, in May, 1863. In December, 1863, after a published revocation by the Board of all certificates of disability, previously granted by them, applicant again presented himself before said Board, and was declared fit to perform military service in the field. Writ issued January 16th, 1864. It was in proof by one witness, not a surgeon, that applicant was unfit for military duty. *Held*, that applicant was liable to perform military service.

A party receiving a certificate of permanent disability, is not thereby conclusively and permanently released from military service in the field : he may be re-examined, and ordered to service in the field, if found of sufficient physical capacity for that service.

Under the act of Congress of October 11th, 1862, " to exempt certain persons from military duty," and the "act" of the same date, "to establish places of rendezvous for the examination of enrolled men," the Secretary of War has authority to prescribe rules and regulations for ascertaining those who are unfit, by reason of physical or mental incapacity, for the performance of military duty. The Secretary of War, in directing that the "certificates of of the Board of Examining Surgeons, shall specify whether the incapacity is temporary or permanent, and, if permanent, the party shall be exempt from future examination, unless specially ordered by the Board," is a legitimate exercise of that authority.

It is not the intention of the law, nor can it be held to be its legitimate construction, absolutely to discharge from liability to military service, all persons found, at the time of their examination, unfit for its performance—without reference to their future status.

The word "final," used in the act of Congress, " to establish places of rendezvous for the examination of enrolled men," approved Oct. 11th, 1862, is not used in the sense, that certificates of Boards of Medical Examiners, certifying that a party is permanently unfit to perform military duty, shall have the legal effect of relieving him from re-examination, but he may be re-examined, and if found able for military service, assigned to duty.

Previous to the passage of the above law, the certificate of the Board of Examining Surgeons was merely recommendatory ; it had no legal operative effect ; to give it such effect, it had to be approved by superior military authority ; it was to change the rule in this particular, and to relieve the parties, found unfit for service, from the delay and embarrassment which they otherwise might have encountered, if the certificates must have received the approval of some superior military authority, that the provision of the law making such a certificate "final," was enacted ; and it is thus final without reference to the nature or character of the disability.

An order from the Conscript Bureau at Richmond, changing or modifying previously existing orders, cannot be presumed to furnish the rule by which

conscript officers here are to be governed, until communicated to them by the Head Quarters of the Bureau of Conscription, in this Department

It is a legal presumption, which cannot be lightly disregarded, that a Board of Examining Surgeons is possessed of the requisite skill and ability, and are actuated by the desire of properly discharging the duty imposed upon them by the law, under which they are acting.

Appeal from the Judgment of the Hon. GEORGE W. SMITH, Judge of the 1st District, sitting in Chambers, at Columbus.

*John T. Harcourt,* for appellant.

*Attorney General,* for appellee.

MOORE, J., delivered the opinion of the Court, and cited General Orders, No. 82, A. & I. G., Richmond, November 3, 1862.

Judgment affirmed.