CISCO (VICTOR v.). See Case No. 16,934.

CISNA (CURTS v.). See Case No. 3,507.

CISNA (UNITED STATES v.). See Case No. 14,795.

---

## Case No. 2,729.

### CISSEL v. McDONALD.

[16 Blatchf. 150;[1] 25 Int. Rev. Rec. 138; 7 Reporter, 553; 57 How. Pr. 175.]

Circuit Court, S. D. New York. April 3, 1879.

REMOVAL—JURISDICTION—CITIZEN OF STATE AND FOREIGN CITIZEN—CITIZEN OF DISTRICT OF COLUMBIA.

1. A citizen of the District of Columbia brought a suit in a state court, against a subject of Great Britain. The defendant removed the case into this court, under section 2 of the act of March 3d, 1875 (18 Stat. 470). *Held,* that, as the suit was not one between a citizen

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission. 25 Int. Rev. Rec. 371, contains only a partial report.]

of a state and a foreign citizen or subject, it could not be removed.

[Cited in Darst v. City of Peoria. 13 Fed. 564; Glover v. Shepperd, 15 Fed. 836.]

2. A citizen of the District of Columbia is not a citizen of a state.

[This was an action by George W. Cissel, a citizen of the District of Columbia, against Augustine R. McDonald, on a promissory note, and was commenced in a court of the state of New York. The defendant removed the cause into this court under the act of March 3, 1875, § 2 (18 Stat. 470), and the plaintiff now moves to remand same to the state court.]

Henry Greenfield, for plaintiff.

Solomon F. Higgins, for defendant.

BLATCHFORD, District Judge. This is an action at law, commenced in the marine court of the city of New York on the 28th of February, 1879, by the personal service on the defendant of a summons and complaint. It is a suit to recover $804.11, with interest, on a promissory note made by the defendant. On the 11th of March, 1879, the defendant presented a petition to the marine court for the removal of the cause into this court, accompanied by a proper bond. The petition sets forth, that the plaintiff was, at the time of bringing the suit, a citizen of the city of Washington in the District of Columbia, and that the defendant was, at the said time, an alien and a subject of the queen of Great Britain. The marine court made an order removing the cause into this court. The papers from the state court have been filed in this court and the plaintiff now moves to remand the cause to the state court, on the ground that this court has no jurisdiction to entertain it. The constitution of the United States (article 3, § 2) provides, that the judicial power of the United States shall extend to controversies between the citizens of a state and foreign citizens or subjects. This is the only grant of jurisdiction over cases to which foreign citizens or subjects are parties. The distinction between the District of Columbia and a state is clearly recognized in article 1, § 8, of the constitution. The ground taken by the plaintiff is, that he is not a citizen of a state, being only a citizen of the District of Columbia.

The 11th section of the judiciary act of September 24th, 1789 (1 Stat. 78), gave original cognizance to the circuit courts, of all suits of a civil nature, involving more than $500, exclusive of costs, where "an alien is a party." Section 12 of the same act provided, that if a suit should be "commenced in any state court against an alien," involving more than $500, exclusive of costs, it might be removed into the circuit court of the United States. Such provision of section 11 is embodied in subdivision 1 of section 629 of the Revised Statutes, and such provision of section 12 is embodied in subdivision 1 of section 639 of the Revised Statutes. The provision of section

11 came before the supreme court, for construction, in 1800, in Mossman v. Higginson, 4 Dall. [4 U. S.] 12, where it appeared that the plaintiff was a British subject, but it did not appear that the defendants were citizens of the United States. The court said, that the section must receive a construction consistent with the constitution, and that, although the statute said, in general terms, that the circuit court should have cognizance of suits where "an alien is a party," yet, the legislative power of conferring jurisdiction on the federal courts, was, in this respect, confined to suits between citizens and foreigners. In Jackson v. Twentyman, 2 Pet. [27 U. S.] 136, in 1829, the plaintiff was alleged to be a subject of the king of Great Britain, but no citizenship of the defendants was alleged, and the supreme court held, that section 11 "must be construed in connection with, and in conformity to, the constitution of the United States;" and "that, by the latter, the judicial power was not extended to private suits in which an alien is a party, unless a citizen be the adverse party." In Prentiss v. Brennan [Case No. 11,385], Mr. Justice Nelson says, speaking of section 11: "This act is defective in respect to the jurisdiction conferred upon the circuit courts in the case of aliens, as it would seem, from its language, that it might be sufficient to give jurisdiction to the court, if one of the parties was an alien. Construing it, however, in connection with the provision of the constitution, there can be no difficulty as to the meaning intended by congress. The controversy, in order to give jurisdiction, must be between a state, or a citizen thereof, and a foreign state, or a citizen or subject thereof; that is, speaking with reference to individual parties, the suit must be one in which a citizen of a state and an alien are parties." The above defects in sections 11 and 12 of the act of 1789 are corrected in the act of March 3d, 1875 (18 Stat. 470). By the 1st section of that act, original cognizance is given to the circuit courts, not of suits where "an alien is a party," but of suits in which there is "a controversy between citizens of a state and foreign states, citizens or subjects," thus returning to the language of the constitution in respect to foreign citizens or subjects. So, section 2 of the act of 1875 provides, that a civil suit in which there is "a controversy between citizens of a state and foreign states, citizens or subjects," brought in a state court, may be removed by either party into the circuit court of the United States. There is no ground, therefore, for saying that this cause is removable into this court because the defendant is a foreign subject, unless the plaintiff is a citizen of a state.

The plaintiff is alleged to be a citizen of the District of Columbia. He is not alleged to be a citizen of any state. As a citizen of the District of Columbia, is the plaintiff a citizen of a state? In Hepburn v. Ellzey, 2 Cranch [6 U. S.] 445, in 1804, it was held, that a circuit court had no jurisdiction of a suit between a citizen of the District of Columbia and a citizen of a state, because a citizen of the District of Columbia was not a citizen of a state. The question arose under that clause of section 11 of the act of 1789 which gave original jurisdiction to the court, of a suit "between a citizen of the state where the suit is brought and a citizen of another state." This ruling was followed in Wescott v. Fairfield [Case No. 17,418]. In New Orleans v. Winter, 1 Wheat. [14 U. S.] 91, in 1816, the supreme court held, that the circuit court had no jurisdiction of a suit between a citizen of a territory and a citizen of a state, because a territory was not a state. The above ruling in regard to a citizen of the District of Columbia was followed in Vasse v. Mifflin [Case No. 16,895]. In Picquet v. Swan [Id. 11,134], in 1828, Judge Story says: "A citizen of one of our territories is a citizen of the United States, but he is not by law entitled to sue or be sued in the circuit courts of the United States." In Prentiss v. Brennan, ut supra, Mr. Justice Nelson says: "A person may be a citizen of the United States and not a citizen of any particular state. This is the condition of citizens residing in the District of Columbia, and in the territories of the United States, or who have taken up a residence abroad, and others that might be mentioned. A fixed and permanent residence or domicil in a state is essential to the character of citizenship that will bring the case within the jurisdiction of the federal courts." This view was again asserted by the supreme court in 1867, in Barney v. Baltimore City, 6 Wall. [73 U. S.] 280, 287, in reference to a citizen of the District of Columbia.

The defendant refers to section 1891 of the Revised Statutes, as making the plaintiff a citizen of a state. That section reads thus: "The constitution and all laws of the United States, which are not locally inapplicable, shall have the same force and effect within all the organized territories, and in every territory hereafter organized, as elsewhere within the United States." It is a compilation of the provisions found in eight statutes, in regard to eight different territories, which statutes are referred to in the margin of the section. The provisions were substantially alike, and are found in the statutes organizing the several territories, from 1850 to 1868. One is a specimen of all. The latest, Wyoming, in 1868, reads thus: "The constitution and all laws of the United States, which are not locally inapplicable, shall have the same force and effect within the said territory of Wyoming, as elsewhere within the United States." It is sufficient to say, that these enactments have no reference to the District of Columbia, as originally enacted. They refer only to the specific territory named in each statute. The words "organized territories," in section 1891, cannot be so construed as to include the District of Columbia. And, if they could, the section could not be properly

so construed as to have the effect to convert a citizen of such District into a citizen of a state, within the meaning of the statutes in regard to the jurisdiction of the circuit courts over suits, either by original cognizance or by removal.

As it appears, within section 5 of the act of 1875 [18 Stat. 470], that this suit does not involve a controversy within the jurisdiction of this court, an order will be entered to that effect, and that this court will proceed no further therein, and that this suit will be remanded to the marine court of the city of New York, and that the defendant pay to the plaintiff his costs in this court, to be taxed.

NOTE [from original report in 57 How. Pr. 175]. Before making the above application in the United States court, the plaintiff applied in the state court to vacate the ex parte order for the transfer upon the ground it was improvidently made, and the following opinion was filed thereon:

McAdam, J. The record in this action has been removed to, and filed in, the United States circuit court on the usual petition and bond. Any order I might now make in the premises would be coram non judice (see Dill. Rem. Causes, p. 67, note; Kanouse v. Martin, 15 How. [56 U. S.] 198; Insurance Co. v. Dunn, 19 Wall. [86 U. S.] 214; Livermore v. Jenks, 4 How. Pr. 479; Mahone v. Manchester & L. R. Co., 111 Mass. 72; Stevens v. Phoenix Ins. Co., 41 N. Y. 149), for, as Judge Allen (in Bell v. Dix, 49 N. Y., at page 237) says: "It is a novel proceeding for a suitor to apply to a court from which the record and cause have been removed for relief which the court having jurisdiction can only effectually grant." Having no jurisdiction, it would be unbecoming to say one word upon the merits of the application either pro or con, although I have fixed impressions in regard to the matter. If the United States court determines to remand the record to this court, the order will be respected and enforced.