DARST v. CITY OF PEORIA and another.

CLARK v. CITY OF PEORIA and another.

*(Circuit Court, N., D. Illinois. 1882.)*

1. REMOVAL OF CAUSE—PREJUDICE AND LOCAL INFLUENCE—TIME OF APPLICATION.

   An application for the removal of a cause under the act of 1867, (Rev. St. § 639, subd. 3,) made after appeal to the state supreme court, where the decree of the lower court is affirmed, and the cause remanded with instructions to enter a final decree of conformity with the judgment of the supreme court, is too late.

2. SAME—WHO MAY REMOVE—CITIZENSHIP.

   A citizen of an Indian territory, not being a citizen of a state, cannot remove a cause into the circuit court from a state court under the act of 1867, (Rev. St. § 639, subd. 3.)

Bill for Partition. Cross-bill.

BLODGETT, D. J. This case was originally commenced in the Peoria circuit court, and on the twenty-first day of June, 1882, Ben Clark, one of the defendants in the original bill and complainant in the cross-bill, filed his petition in the Peoria circuit court for the removal of the cause to this court upon the ground that he, Clark, is, as stated in the petition, a citizen and resident of the Indian Territory, and that he has good reason to believe, and does believe, that from prejudice and local influence he will not be able to obtain justice in said state court. The state court refused to make the order of removal, whereupon Clark brought a transcript of the record here and asked this court to take jurisdiction, and for leave to docket the cause. This application was resisted by the city of Peoria, the principal defendant. From the record which Clark asks leave to file in the case of some exhibits read on the part of the city of Peoria, the facts appear that the original bill was filed in the state court on the twentieth of August, 1880, for the purpose of obtaining a partition of a tract of land in the city of Peoria, one-fourth of which is claimed by Darst, one-fourth by Clark, and one-half by the city of Peoria. On the seventh of October, 1880, the defendant Ben Clark appeared and answered the original bill, setting up title in fee to an undivided one-fourth of the land, and filed his cross-bill; and on the eighth of December, 1880, the city of Peoria made answers to the original bill and cross-bill, claiming to own the entire estate, and denying that Clark or Darst had any interest in the premises. Replications were filed

v.13,no.11—36

and proofs taken, and the case brought to hearing before the circuit court of Peoria county; and on the twenty-fourth of June, 1881, that court entered a decree in the case, finding that Darst and Clark were each owners of an undivided one-fourth of the premises in question, and the city of Peoria the owner of the other undivided half of the premises, and appointed commissioners to make partition of the premises in accordance with the finding of the decree. From this decree the city of Peoria took an appeal to the supreme court of the state of Illinois, and the cause was heard at the September term, A. D. 1881, and at a subsequent date the opinion of the supreme court was filed reversing the decree of the Peoria circuit court and remanding the cause to the latter court for further proceedings in conformity with that opinion. It was on the redocketing of the cause in the state court, for the purpose of proceeding in conformity with the opinion of the supreme court, that Clark filed his application for removal. It is claimed on behalf of Clark that this right of removal is given by the act of March 2, 1867, amendatory of the act of July 27, 1866, in relation to the removal of causes from the state courts; while, on the contrary, the city of Peoria contends that the case had proceeded to final trial and decree in the state court, and was no longer removable under this act.

The portion of the act applicable to this case reads as follows:

"Where a suit is now pending or may hereafter be brought in any state court in which there is a controversy between a citizen of a state in which the suit is brought and a citizen of another state, and the matter in dispute exceeds the sum of $500, exclusive of costs, such citizen of another state, whether he be plaintiff or defendant, if he will make and file in such state court an affidavit stating that he has reason to and does believe that from prejudice or local influence he will not be able to obtain justice in such state court, may, at any time before the final hearing or trial of the suit, file a petition in such state court for the removal of the suit into the next circuit court of the United States to be held in the district where the suit is pending."

The original suit, as appears by the record offered here, involved the construction to be given to a deed made on the twelfth day of August, 1852, by George D. Morton, of the city of St. Louis, to Mary M. Clark, of the city of Peoria, whereby an estate for life was granted to the said Mary M. Clark, and at her death the fee-simple to vest in George D. and Mary Helen Morton, or the survivors of them; but if both should die, and leave no child or children before the termination of the life estate of Mary M. Clark, then at the death of the said Mary M. Clark the title was to vest in the city of Peoria for certain chari-

table purposes. It further appears that the said George D. and Mary Helen Clark died before the termination of the life estate of Mrs. Clark, and that the city of Peoria claimed to become seized of the property by operation of the deed. Mrs. Clark, it seems, had other children than those named as grantees of this remainder, of whom the defendant Ben Clark is one, and Darst has acquired the title to the other; and these parties, insisting that the limitation over the city of Peoria was void and inoperative as to one-half of the estate, claimed each of them a quarter, as representing the heirs at law of the said George D. and Mary Helen, and this view of the effect of the deed was sustained by the circuit court. The supreme court in its opinion, after an exhaustive examination of the law, so construes this deed as to make it an operative grant of the entire estate to the city of Peoria upon the death of Mrs. Clark, in case of the death of George D. and Helen Morton without issue, and remands the case to the circuit court for the purpose of entering a decree in conformity with this conclusion. The language of the supreme court is:

"Our conclusion is that the limitation over to the city of Peoria was not void as being the limitation of a fee after a fee; that the contingency upon which George D. and Mary Helen were to take never happened, and so no interest ever vested in them, and hence that the city of Peoria took and now holds under the deed the whole title."

It is obvious that this litigation has reached such a stage as that a final adjudication of the rights of the parties to the suit has been made by the state court. The supreme court has settled the rights of the parties in this controversy under this deed, and the circuit court has merely to carry that conclusion into effect by entering a decree in conformity with the holding of the supreme court. The statute in question only authorizes a removal at any time before the final hearing or trial of the suit. Here it is evident that the suit had been finally heard and tried. It is true that the supreme court had, instead of entering a final decree in accordance with its conclusion, remanded the case to the circuit court for the entry of that decree there; but the case may be said to have reached its final hearing, and therefore the right of removal no longer existed. The circuit court was only the mere ministerial agent or instrument to enter its final decree upon the rights of the parties in accordance with the directions of the supreme court; and the parties having tried a case to a decision in one court, should not be allowed to experiment to that extent, and then, after an adverse decision, remove the case to another tribunal. If the supreme court had simply reversed the case,

and sent it back for a new trial, without specific directions as to the judgment or decree to be entered, it might with some force be said that the suit had not yet been finally heard, and that it could be removed to the federal court for further trial; but that is not this case. *Stevenson* v. *Williams*, 19 Wall. 572.

It was objected further, on the part of the city of Peoria, that Clark cannot remove this case, because he is not by his own showing a citizen of any state, but is a resident of the Indian Territory. I think this point is well taken, and should of itself be a sufficient answer to the claim to remove. The statute only gives the right of removal in suits where there is a controversy between a citizen of the state in which the suit is brought and the citizen of another state; and the uniform ruling of the courts has been that a resident of a territory is not a citizen of a state, so as to give him the right to sue a citizen of another state in the federal courts. This was so held in *New Orleans* v. *Winter*, 1 Wheat. 91, and has been followed by all the federal courts since. *Hepburn* v. *Ellzer*, 2 Cranch, 445; *Vasse* v. *Mifflin*, 4 Wash. C. C. 519; *Picquet* v. *Swan*, 5 Mason, 35; *Prentis* v. *Bremnan*, 2 Blatchf. 162; *Barney* v. *Baltimore*, 6 Wall. 280; *Cissel* v. *McDonald*, 16 Blatchf. 150. These two points seem so conclusive as to make it unnecessary to pass upon the further question, made by the city of Peoria, that the controversy is not wholly between citizens of different states, as Darst, who claims by the same title as Clark, and adversely to the city of Peoria, is a citizen of Illinois.

I am therefore of opinion that this court should not take jurisdiction of the cause, and that the motion for leave to docket the case here should be denied.

See *Hobby* v. *Allison*, *ante*, 401, and note, 405.