BRICE W. McDOWELL vs. ÆTNA INSURANCE COMPANY.
SAME vs. ROYAL INSURANCE COMPANY.
SAME vs. PHŒNIX INSURANCE COMPANY.

Franklin.    September 17, 1895. — October 18, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Fire Insurance — Arbitration — Admission of Press Copies of Letters in Evidence — Notice to Produce.*

It is no defence to an action on a policy of insurance against loss by fire that copies of letters sent to the defendant company and its attorney requesting the appointment of arbitrators were admitted in evidence, if none of the originals were presented by the company and there was nothing to show that they were not in fact received by it or were not in its possession at the time of the trial, and if the notice to produce sufficiently described the letters by the subject to which they related.

The defence to an action on a policy of insurance against loss by fire that there was no sufficient evidence that before the action was begun the company had, under St. 1891, c. 291, § 1, waived the provisions in the policy requiring the amount of the loss to be determined by arbitration, cannot avail if it appears that the plaintiff made a sufficient request of the defendant in writing, to which the defendant paid no attention, and that the action was not brought until the expiration of a certain period after making the request, as required by the statute.

THREE ACTIONS OF CONTRACT, upon policies of insurance in the standard form, against loss by fire, on January 1, 1894, on certain property in Conway.    Trial in the Superior Court, without a jury, before *Richardson*, J., who found for the plaintiff in each case; and the defendants alleged exceptions, in substance as follows.

Each policy contained the regular provision as to submission to arbitration in the case of loss.    In none of the cases was there any reference, or any arbitrators appointed, or any step taken by any of the defendants with regard thereto.    The only evidence as to any attempt by the plaintiff or in his behalf to secure arbitration was as follows.    The plaintiff's counsel read from a copy-book what purported to be and what he stated to be letter-press copies of letters he had sent to the defendants by mail, in which each of them was requested to appoint arbitrators under the provision for arbitration in the policies issued to the plaintiff, and under which claim was made for payment of loss,

and naming as arbitrators three individuals under the Ætna policy, and three others, who were suggested under both the Royal and Phœnix policies. The letter to the Ætna company was dated October 9, 1894, and the letters to the Royal and Phœnix companies were each dated December 5, 1894. The defendants admitted that the plaintiff's counsel would, if testifying, swear that the several letters were sent by mail to the companies therein mentioned on the dates mentioned in the copies postage paid, and the judge so found. The defendants objected to the admission of the copies as evidence of the contents, or as evidence that the defendants had received the letters. The plaintiff's counsel also read from a copy-book what purported to be press copies of two letters to Mr. W. H. Brooks, who was counsel of record in the cases, but who was not present at the trial, which copies stated that the companies acknowledged receipt of the letters requesting a submission to arbitration, and referred the plaintiff's counsel to him as their attorney. It was admitted by the defendants that the plaintiff's counsel would testify that the letters of which these were copies were duly sent, postage prepaid, and the judge so found.

The plaintiff's counsel also read from a copy-book what purported to be a press copy of a letter addressed to Brooks, Hamilton, and Guyott, Holyoke, Massachusetts, who were counsel of record for the defendants, but were not present at the trial, which press copy was as follows : " Greenfield, Mass., April 13, 1895. Gentlemen, — You are hereby notified to produce at the coming trial of the cases of *Brice W. McDowell* v. *Ætna Ins. Co., Royal Ins. Co., Phœnix Ins. Co.,* in our Superior Court the present term here, all proofs of loss, written schedules, letters and communications or written memorandum of every kind, received by the above named companies defendant or by you as their attys., each and all of them, received from the said plaintiff or from his attys., at any time since the fire mentioned in the several declarations in said suits. Very truly, Conant & Conant, Atty's."

It was admitted that the plaintiff's counsel would testify that the original was sent postage paid, and the judge found that it was received by Brooks, Hamilton, and Guyott in the regular course of mail. None of the original letters were produced at the trial. The action against the Ætna company was begun October 29, 1894. The actions against the Royal and Phœnix

companies were begun January 9, 1895. The defendants asked the court to rule that the several actions could not be maintained, because there was no sufficient evidence that arbitration as a condition precedent to beginning the actions had been waived by the defendants. The judge declined so to rule; and the defendants alleged exceptions.

*W. G. Bassett*, for the defendants.

*S. D. Conant*, (*C. C. Conant* with him,) for the plaintiff.

MORTON, J. The principal question in these cases relates to the admission of secondary evidence of the contents of certain letters which the court found were duly sent, postage paid, by the counsel for the plaintiff to the defendants, and their attorneys of record in these suits, and which according to the well settled rule in such cases were *prima facie* received by the persons to whom they were sent. *Huntley* v. *Whittier*, 105 Mass. 391. *Briggs* v. *Hervey*, 130 Mass. 186. *Marston* v. *Bigelow*, 150 Mass. 45.

None of the originals were produced by the defendants. But there is nothing tending to show that they were not in fact received by them, or were not in their possession at the time of the trial.

The notice to produce, which was dated Greenfield, April 13, 1895, and which was received by the attorneys of record of the defendants in regular course of mail, notified them " to produce at the coming trial of the cases of *Brice W. McDowell* v. *Ætna Ins. Co., Royal Ins. Co., Phœnix Ins. Co.*, in our Superior Court the present term here, all proofs of loss, written schedules, letters and communications or written memorandum of every kind, received by the above named companies defendant or by you as their attys., each and all of them, received from the said plaintiff or from his attys., at any time since the fire mentioned in the several declarations in said suits." The notice required the production, therefore, among other things, of all letters relating to the subject matter of the suits received by the defendants or their attorneys from the plaintiff or his attorneys between January 1, 1894, and its date.

It is objected in substance that the letters called for were not described in the notice with sufficient particularity. But we think that they were sufficiently described by the subject to which they related. *Bogart* v. *Brown*, 5 Pick. 18. *Bemis* v. *Charles*, 1 Met. 440. *Jones* v. *Parker*, 20 N. H. 31. *Jacob* v. *Lee*, 2 Mood. &

Rob. 33. *Rogers* v. *Custance*, 2 Mood. & Rob. 179. *Morris* v. *Hauser*, 2 Mood. & Rob. 392. *Vasse* v. *Mifflin*, 4 Wash. C. C. 519.

The time covered by the notice was only about sixteen months. There is nothing to show that the correspondence between the parties and their counsel was so extensive as to render it reasonable that the notice should describe the portions of it that were wanted, or that the letters were so mingled with others as to render it difficult to separate them. The object of requiring notice to produce the original before secondary evidence of contents can be given is to afford an opportunity to the opposite party to produce it, and thereby secure, if he desires, the best evidence of its contents. *Dwyer* v. *Collins*, 7 Exch. 639. In the present cases the defendants did not object that they were taken by surprise or that they did not understand what letters were meant, or that they wanted delay in order to enable them to produce originals. See *Bogart* v. *Brown, ubi supra.* We think that the ruling admitting the letters from copies was right.

The defendants further contend that there was no sufficient evidence that before the actions were commenced they had waived the provisions in the policies requiring the amounts of the losses to be determined by arbitration. But by St. 1891, c. 291, § 1, it is expressly provided that an insurance company shall be deemed to have waived its right to arbitration under a policy in the standard form provided in this Commonwealth, (which these policies were,) if it does not within ten days after a written request to appoint referees under the provision for arbitration name three men, or if it does " not, within ten days after receiving the names of three men named by the insured under said provision, make known to the insured its choice of one of them to act as one of such referees." The copies of letters put in by the plaintiff show that a request was made in writing by him of each of the defendants to appoint referees to determine the loss under its policy, and that the names of three persons to act as such referees were submitted. Neither of the defendants appears to have paid any attention to the requests thus made, and these actions were not brought till more than ten days after the requests were made. The defendants must be held, therefore, to have waived their right to have the amounts of the losses determined by arbitration.

*Exceptions overruled.*