Borenstein, J.
The plaintiff, C&W Industries, Inc. (hereinafter C&W), brought this action against defendant, Sentry A Mutual Company (hereinafter Sentry), seeking recovery for breach of contract and unfair and deceptive trade practices in violation of M.G.L.c. 93A. C&W has now moved pursuant to Mass.R.Civ.P. 12(c) and 56 for partial judgment on the pleadings. C&W contends that, as a matter of law, Sentry waived reference required under M.G.L.c. 175, §§99 and 100. For the following reasons, the motion for partial judgment on the pleadings is allowed.
BACKGROUND
C&W Industries, Inc., remanufactures automotive disc brake calipers. In March of 1993, C&W sustained substantial fire loss at one of its buildings in Malden. C&W obtained partial recovery of its loss from Commerce Insurance Company. However, C&Ws other insurer, Sentry, disclaimed coverage. The two parties never reached agreement as to the amount, if any, that Sentry would pay on C&Ws claim.
In a letter dated November 14, 1993 C&W requested that Sentry refer the names of three arbitrators. (Plaintiffs exhibit C.) Sentry did not comply with C&Ws request for referral. On December 3, 1993 C&W filed a complaint alleging unfair and deceptive trade practices and breach of contract. Defendant Sentry filed an answer and then moved to dismiss or stay the proceedings. Plaintiff C&W then moved for partial judgment on the pleadings on the grounds that, as a matter of law, the defendant has waived its right to reference.
DISCUSSION
Pursuant to Mass.R.Civ.P. 12(c), ”[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.” Summary judgment shall be granted when two elements have been proven: (1) that there are no genuine issues of material fact: and (2) that the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correc *438 tion, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating both elements. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
Here, the defendant asserts that it is entitled to a reference proceeding and moves for dismissal or, in the alternative, a stay pending a reference proceeding. The plaintiff asserts that the defendant has waived any right to reference.
The appropriate deadline for reference in a fire insurance case is setoutin M.G.L.c. 175, §100, which reads in pertinent part:
If a claim presented under any policy of fire insurance issued on property or interests in the commonwealth in the standard form set forth in ... section [99], and if the parlies fail to agree as to the amount of loss, the company shall, within ten days after receiving a written demand from the insured for the reference of the amount of loss to three referees as provided in such policy, submit in writing the names and addresses of three persons to the insured, who shall, within ten days after receiving such names notify the company in writing of his choice of one of the said persons to act as one of said referees.
Further, it is settled law that failure to meet the statutory deadline constitutes a waiver of the right to a reference proceeding. McDowell v. Aetna Ins., 164 Mass. 444, 447 (1895).
Sentry concedes that the provisions required by M.G.L.c. 175, §§99 and 100 are incorporated into the insurance policy at issue in this case. A letter from the plaintiffs attorney dated November 14, 1993, clearly states: “In the event that Sentry disputes the amount ofloss, on behalf of C&W we hereby demand reference pursuant to M.G.L.A. ch. 175, §§99 and 100. We call upon Sentry to promptly provide us with the names and addresses of 3 referees.” A letter from defendant’s counsel dated December 13, 1993 admits receipt of the plaintiffs demand for reference. Finally, nothing before this court demonstrates that defendant ever complied with plaintiffs demand for reference.
Defendant’s contention is that it could not contact plaintiff by phone. Similar arguments have, in the past, been described as “disingenuous.” Trempe v. Aetna Casualty & Surety Co., 20 Mass.App.Ct. 448, 455 (1985). It was certainly reasonable for the defendant to attempt to contact the plaintiff by telephone. However, once those efforts were unsuccessful defendant could have attempted to notify the plaintiff by mail. Nothing indicates that the defendant made any effort to refer arbitrators to the plaintiff by mail, or any other means, within the ten-day period.
Sentry is now prepared, in the name of judicial economy, to participate in a reference proceeding. Efficiency is a noble pursuit. However, this court cannot, in the name of judicial economy, ignore the legislature’s statutory mandate nor established case law. If the defendant was genuinely concerned with judicial economy perhaps it should have complied with the ten-day deadline for referral.
ORDER
For the foregoing reasons, it is hereby ordered that the plaintiffs motion for partial judgment on the pleadings be allowed on the grounds that the defendant has, as a matter of law, waived reference. It is further ordered that the defendant’s motion to dismiss or stay proceedings be and hereby is denied.